NOT RECOMMENDED FOR PUBLICATION
OR CITATION AS AUTHORITY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| NEHEMIAH KING THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-583-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| D. L. STINE, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Nehemiah King Thomas, an individual currently in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated in the United States Penitentiary–McCreary in Pine Knot, Kentucky, has filed another *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the district court filing fee. This matter is pending for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS AND ALLEGATIONS

Again, the Petitioner's factual allegations are scant. He has submitted a common 7-page petition form for filing §2241 actions, but pages 2 and 3 are missing. The following is a summary or construction of the allegations contained in the form's pages which he did complete and file with the Clerk.

The Petitioner challenges a disciplinary proceeding in which he was convicted of "threatening another w/bodily harm or any other offense," for which he was punished with the loss of 27 days of good conduct time and a 20-day stay in the prison's disciplinary segregation unit. With regard to his claims herein, on the petition form, he has checked that the BOP has "unlawfully revoked my good-time credits," and he lists the following as his supporting facts:

> Denial of Free Speech
> Hyland v. Procunier 311 F.Supp. 749 (N.D. Cal. 1970)
> Sobell v. Reed
>
> Loss of merit or good time
> U.S. ex rel. Cambell v. Pate, 401 F.2d 55 (7th Cir. 1968)
> In re Westfall, 162 Cal. Reptr. 462
>
> Impartial Disciplinary Hearing Officer / Staff
> Rhodes v. Robinson 612 F.2d 766, 773 (3d. Cir 1979)
> Powell v. Ward, 542 F.2d 101, 103 (2nd Cir. 1976)

[Record No 1, p. 6]. On the first page of the petition, Thomas gives March 21, 2005, as the date of his conviction. And on page 4, he indicates that he appealed the conviction to the Regional Director and to the BOP's General Counsel. These are all of the Petitioner's allegations.

## DISCUSSION

The instant petition may not proceed because Thomas has not shown that he exhausted the BOP's administrative remedies prior to the instant filing. In addition, he has failed to state a claim upon which this Court may grant relief. Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per

curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) (federal courts have imposed upon federal prisoners the requirement that they exhaust their administrative remedies in accordance with Bureau of Prisons policy).

      The administrative remedies available to inmates confined in BOP institutions are set out in the Administrative Remedy Program found at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) requires that an inmate first informally present his complaint to the staff, thereby providing the institution with an opportunity to correct the problem before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, he may then file a formal written request (a BP-9 form) with the Warden. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director. If not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* §542.15 (a) - (b).

      Thomas has not attached any of the documents which would have been exchanged during the BOP administrative remedy process. Likewise, he has not provided a detailed description of the arguments he raised or the BOP's position as to each argument at each level of appeal. Other than checking 2 boxes with "yes" to form questions about appealing to the BOP's Regional Director and General Counsel, he has not even alleged total exhaustion administratively. Exhaustion of administrative remedies is needed to prepare a record for the Court's review; however, the Petitioner in this case has not provided a record. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). As a result, his petition will be

dismissed without prejudice to his right to bring another action demonstrating exhaustion of his administrative remedies.

The lack of a record contributes to the other fatal flaw in the instant petition. Thomas' "supporting facts," as set out above in their entirety, are not actually supporting facts. Instead, any relevant facts are conspicuously absent. For example, he refers to a purported denial of free speech without explaining who was involved, what actually happened, or how it is related to the complained-of disciplinary proceeding. The Court cannot discern what, if any, valid challenge he may have to that proceeding. Another of the Petitioner's purported "facts" sounds like it may be an intended issue, *i.e.*, his writing "Impartial Disciplinary Hearing Officer / Staff." Yet the Petitioner supplies no other information, no actual facts about the hearing official or any staff member or the hearing itself which would indicate that the hearing officer or other personnel may *not* have been impartial.

The initial pleading in this case has not set forth any basis for his claims in a manner that does not require either the Respondent or this Court to "conjure up unpled allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)). This is exactly the situation with the instant petition.

## CONCLUSION

The Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1)     Nehemiah King Thomas' petition for writ of habeas corpus is **DENIED**.

(2)     This matter is **DISMISSED**, without prejudice.

This 4th day of November, 2005.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge